# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**CLINTON D. COX**,

    Petitioner,

v.

**DAVID R. WILSON, Warden,**

    Respondent.

Civil No.: 2:16CV73
(JUDGE BAILEY)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 9, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate, who was housed at USP Hazelton when he initiated this action and is challenging the validity of his conviction imposed in the United States District Court for the District of Connecticut. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### I. PROCEDURAL HISTORY[1]

On August 1, 2000, a grand jury sitting in the District of Connecticut returned a twenty count superseding indictment charging Petitioner and his brother with

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the District of Connecticut, 3:00-cr-00069-AWT-1, as well as his 2255s filed in separate civil actions in that district, all available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

numerous offenses. ECF No. 41. Petitioner was named in ten of the twenty counts. Id. Subsequently, a jury trial was held in the same district. On January 23, 2001, the jury found Petitioner guilty of counts one, four, five, seven, eight, ten, and eleven of the superseding indictment. ECF No. 117. Counts one, four, seven, and ten were narcotics violations. Counts five, eight, and eleven charged Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime. On September 13, 2001, Petitioner was sentenced to be imprisoned 360 months on Counts one, four, seven, and ten of the superseding indictment to be served concurrently and 60 month imprisonment on Counts five, eight, and eleven of the superseding indictment to run consecutively to each other. The sentence on Counts five, eight, and eleven were ordered to run consecutively to the sentence imposed on Counts one, four, seven, and ten. ECF No. 173.

Petitioner filed a direct appeal, and on March 9, 2003, in a summary order and a separate published opinion, the Second Circuit Court of Appeal affirmed his conviction and sentence. See United States v. Cox, 324 F.3d 77 (2nd Cir. 2003); United States v. Cox, 59 Fed. Appx. 437 (2nd Cir. 2003). On August 16, 2004, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 212. The United States District Court for the District of Connecticut denied the motion on July 20, 2006. ECF No. 246. On November 7, 2006, Petitioner moved to amend the motion to vacate. ECF No. 249. On December 5, 2006, the district court denied that motion. ECF No. 250.

On December 19, 2008, Petitioner filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania, challenging the legality of his 18

U.S.C. § 924(c)(1)(A) convictions. On October 20, 2009. The government filed a response, agreeing that the petition should be granted and requesting that the case be transferred to the District of Connecticut. On December 14, 2009, the case was transferred from the Middle District of Pennsylvania, and the District of Connecticut granted the § 2241 petition on January 7, 2010. On January 26, 2011, the district court vacated Petitioner's conviction as to counts five, eight, and eleven, which were the counts involving firearms under § 924(c)(1)(A). Accordingly, the district court entered an amended judgment on February 4, 2011, sentencing Petitioner to 360 months imprisonment on counts one, four, seven, and ten – the narcotics violations – to be served concurrently. ECF No. 365. Petitioner filed a timely notice of appeal on February 7, 2011. On February 6, 2012, the Second Circuit issued a summary order denying Petitioner's appeal and affirming the sentence. The mandate issued on February 27, 2012.

While the appeal of his resentencing was still pending at the Second Circuit, Petitioner filed a second § 2255 petition, followed by two motions to amend. On September 24, 2013, the petition was denied. See Civil Action No. 3:11-cv-01568-AWT (District of Connecticut). On April 13, 2015, the Second Circuit denied Petitioner's motion for a certificate of appealability. See Cox v. United States, Case #13-3745, Doc. #130.

On July 17, 2015, Petitioner filed a second *pro se* motion for resentencing under 28 U.S.C. § 2255(f)(3) in which he raises a challenge to the 10-year term of supervised release imposed. Because Petitioner filed his motion without first seeking permission to file a second or successive petition, It appears that said petition is

pending on the Government's motion to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. See Civil Action No. 3:15-cv-01130-AWT (District of Connecticut).

On November 3, 2015, Petitioner filed yet another § 2255 petition in which he again challenges the veracity of trial witnesses and claims "newly discovered" impeachment evidence establishes his "actual innocence." Thereafter, Petitioner filed a motion in the Second Circuit seeking permission to file a successive petition. On November 9, 2015, the Second Circuit denied Petitioner's motion. See Cox v. United States, Case #15-3229 (2nd Cir. November 9, 2015). It appears the § 2255 remains pending in the district court on the Government's response arguing that given the Second Circuit's denial of Petitioner's motion to file a successive petition, the district court does not have jurisdiction to consider the case. See Civil Action No. 3:15-cv-01612-AWT (District of Connecticut).

## II.  PETITIONER'S CLAIMS

In support of his section 2241 petition before this Court, Petitioner alleges that based on the quantity of dugs charged in his indictment, he was subject to a statutory minimum term of ten years imprisonment. However, because the United States filed an information under 21 U.S.C. § 851 notifying him of its intent to seek enhanced penalties based on his one prior controlled substance offense conviction, he was subject to a mandatory twenty year sentence. Relying on Mathis v. United States, 136 S.Ct. 2243 (2016), Petitioner argues that his prior conviction referenced in the 851 notice was an invalid predicate felony drug offense. More specifically, Petitioner avers that his

Connecticut drug conviction does not "categorically" qualify as a felony offense. ECF No. 1-1. For relief, Petitioner requests his immediate release from incarceration. Id. at 9.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

### IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition

for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." <u>Anderson v. Pettiford</u>, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition under the "savings clause" of Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit, has set forth the following test to determine whether Section 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in Mathis (explaining how courts should determine whether a state crimes can be used as predicate offense under the ACCA)[3] for relief. However, that decision did not

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).

[3] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to Mathis, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also Taylor v. United States, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in Mathis, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. Id.

decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241.[4] Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

---

[4] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

    **DATED:** September 18, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE