**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**CLINTON D. COX,**

       Petitioner,

v.

                                **CIVIL ACTION NO. 2:16-CV-73
(BAILEY)**

**DAVID R. WILSON, Warden,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the

Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc.

14]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge

Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate

Judge Seibert filed his R&R on September 18, 2017, wherein he recommends this Court

dismiss the petitioner's § 2241 petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **_Snyder v. Ridenour_**, 889 F.2d 1363, 1366 (4th Cir. 1989); **_United States v. Schronce_**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 16] on October 6, 2017. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background[1]

Petitioner finds himself incarcerated at USP Hazelton after a jury found him guilty of several drug trafficking and firearms charges. This petitioner was not convicted nor sentenced in this District, but rather in the District of Connecticut. His direct appeal was denied by the Second Circuit Court of Appeals. A plethora of collateral attacks followed. He has now filed a § 2241 in this District seeking relief. Although the petitioner's various methods of attack have evolved over time, his failed arguments remain unchanged. Petitioner essentially asserts a prior conviction upon which an § 851 notice was based was not a valid predicate offense. Rather, he argues that his Connecticut drug conviction does not "categorically" qualify as a felony offense. For the reasons that follow, this Court finds that the petitioner is entitled to no relief.

## Discussion

The law is clearly developed that merely because relief has become unavailable

---

[1] The procedural history is beautifully laid out over four pages in the R&R [Doc. 14 at pp. 1-4].

under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

3

The R&R correctly notes that the petitioner fails to satisfy the **Jones** test [Doc. 14 at 8]. The petitioner's § 2241 petition alleges that based on the quantity of drugs charged in the Indictment, he was subject to a statutory minimum term of ten (10) years' imprisonment. The Government, however, filed a § 851 notice seeking the enhanced mandatory twenty (20) year sentence. Petitioner asserts this his prior conviction upon which the § 851 notice was based was not a valid predicate offense. Rather, he argues that his Connecticut drug conviction does not "categorically" qualify as a felony offense.

In his Objections, petitioner relies on **Mathis v. United States**, 136 S.Ct. 2243, 2247-57 (2016), and **Persaud v. United States**, 134 S.Ct. 1023 (2014), for relief. These cases are not persuasive. The Fourth Circuit has held that the savings clause only preserves claims in which the petitioner has alleged actual innocence of a conviction. *See* **Rice v. Rivera**, 617 F.3d 802, 807 (4th Cir. 2010). **Mathis**, however, did not decriminalize the conduct for which petitioner was convicted, nor has petitioner alleged actual innocence.

In addition, the Fourth Circuit has held that a petitioner "could not proceed with his [challenge to his sentencing enhancement] under § 2241." **Rouse v. Wilson**, 584 Fed.App'x. 76 (4th Cir. 2014). Further, the Court has held a challenge to an ACCA sentence is not cognizable in a § 2241 petition. **Farrow v. Revell**, 541 Fed.Appx. 327, 328 (4th Cir. 2013).

Therefore, under Fourth Circuit precedent, the petitioner is unable to satisfy § 2255's savings clause to seek relief pursuant to § 2241; accordingly, this is an improperly filed § 2241 petition. Accordingly, the petitioner's Objections [Doc. 16] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 14]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 16]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Cox has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 10, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE